FILED
2019 Nov-14 AM 10:05
U.S. DISTRICT COURT
N.D. OF ALABAMA

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **BILLY JOE VASSER, et al.,** ] | |
| ] | |
| **Plaintiffs,** ] | |
| ] | |
| v. ] | **CIVIL ACTION NO.** |
| ] | **4:19-CV-00098-KOB** |
| **TOWN OF LEESBURG, et al.,** ] | |
| ] | |
| **Defendants.** ] | |

## MEMORANDUM OPINION

This Section 1983, conspiracy, and malicious prosecution matter comes before the court on three motions to dismiss. (Docs. 39, 41, and 43).

Plaintiffs Billy Joe Vasser and Vicki Vasser allege that law enforcement officers and several individuals conspired to falsely prosecute Mr. Vasser for criminal coercion. Three of the Defendants alleged to be a part of the conspiracy—the deputy sheriff who investigated the crime that Mr. Vasser was accused of coercing, Josh Summerford; the victim of the crime, Jeannie Nichols; and her daughter, Marcie Foster—have moved to dismiss some of Plaintiffs' claims for failure to state a claim upon which relief can be granted. For the following reasons, the court will grant Mr. Summerford's motion to dismiss and deny in part and grant in part Ms. Nichols's and Ms. Foster's motions to dismiss.

1

**I.     STANDARD OF REVIEW**

A motion to dismiss challenges the legal sufficiency of a complaint. Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, a defendant can move to dismiss a complaint for "failure to state a claim upon which relief can be granted." The complaint will survive the motion to dismiss if it alleges "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). For a complaint to be "plausible on its face," it must contain enough "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). And the court accepts as true the factual allegations in the complaint. *Id.*

**II.    BACKGROUND**

Plaintiffs make the following factual allegations in their amended complaint that the court accepts as true for purposes of Defendants' motions to dismiss. (*See* Doc. 32).

Defendant Kaleb Howard Hamilton secretly filmed Defendant Jeannie Nichols changing clothes in private and posted the videos on a pornography website. The Chief of Police of the Town of Leesburg, Alabama, Defendant Brian Gilliland, and Cherokee County deputy sheriff Josh Summerford investigated the crime. Mr. Hamilton admitted to law enforcement that he recorded Ms. Nichols;

then Chief Gilliland, Mr. Summerford, Ms. Nichols, and her daughter, Defendant Marcie Foster, directed Mr. Hamilton to falsely accuse Plaintiff Billy Joe Vasser of coercing Mr. Hamilton to record Ms. Nichols. At the direction of the other Defendants, Mr. Hamilton falsely stated that Mr. Vasser threatened to post a sexually explicit video of Mr. Hamilton online if he did not record Ms. Nichols.

Based on Mr. Hamilton's false statement, the Cherokee County magistrate issued a warrant for Mr. Vasser's arrest on the charge of criminal coercion. Law enforcement arrested Mr. Vasser on December 6, 2016.

The Cherokee County District Court scheduled a bench trial for the criminal coercion charge for January 23, 2017. Mr. Vasser made discovery requests to the district attorney prosecuting his case, but the district attorney responded that he had no discovery materials. The district attorney moved to dismiss the criminal coercion case on January 13, 2017 and the judge dismissed the case on January 17, 2017.

From these factual allegations, Plaintiffs bring six Section 1983 claims and three state law tort claims in their amended complaint:

- Count One: Section 1983 claim for "Policymaker Liability – Deliberate Indifference" against Chief Gilliland;

- Count Two: Section 1983 claim for unlawful arrest against Chief Gilliland and Mr. Summerford;

- Count Three: Section 1983 claim for "Failing to Prevent Unlawful Arrest – Deliberate Indifference" against Chief Gilliland and Mr. Summerford;

- Count Four: Section 1983 claim for "Policymaker Ratification Municipal Liability" against Chief Gilliland;

- Count Five: Section 1983 claim for "Inadequate Training Municipal Liability" against the Town of Leesburg;

- Count Six: Section 1983 claim for "Supervisor Liability" against Chief Gilliland;

- Count Seven: Alabama state law claim for "Conspiracy to Maliciously Prosecute" against Chief Gilliland, Mr. Summerford, Mr. Hamilton, Ms. Nichols, and Ms. Foster;

- Count Eight: Alabama state law claim for "Abuse of Process, Malicious Prosecution, and False Imprisonment" against Chief Gilliland, Mr. Summerford, Mr. Hamilton, Ms. Nichols, and Ms. Foster; and

- Count Nine: Alabama state law claim for loss of consortium against all Defendants (Plaintiffs Billy Joe Vasser and Vicki Vasser are married).

(Doc. 32 at 6–13).

Mr. Summerford, Ms. Foster, and Ms. Nichols have moved to dismiss Counts Seven, Eight, and Nine against them for failure to state a claim upon which relief can be granted. The court addresses each Defendant's motion to dismiss in turn.

### III. ANALYSIS

#### A. Deputy Sheriff Josh Summerford's Partial Motion to Dismiss (Doc. 39)

As stated above, among other Section 1983 claims, Plaintiffs bring state law tort claims against deputy sheriff Summerford for conspiracy, abuse of process,

4

malicious prosecution, false imprisonment, and loss of consortium. For the following reasons, the court will dismiss those claims because of Mr. Summerford's state sovereign immunity to those claims.

The Alabama Constitution provides that "the State of Alabama shall never be made a defendant in any court of law or equity." Ala. Const. § 14. The Alabama Supreme Court has ruled that this sovereign immunity extends to state law tort claims brought against deputy sheriffs acting within the scope of their official duties because deputy sheriffs are executive officers of the State under the Alabama Constitution. *Ex parte Sumter Cty.*, 953 So. 2d 1235, 1239 (Ala. 2006); *see Tinney v. Shores*, 77 F.3d 378, 383 (11th Cir. 1996) (extending Alabama state sovereign immunity to state law tort claims brought against a deputy sheriff); *Ex parte Blankenship*, 893 So. 2d 303, 305 (Ala. 2004) (same); *Ex parte McWhorter*, 880 So. 2d 1116, 1117 (Ala. 2003) (same).

Here, Plaintiffs allege that deputy sheriff Summerford took actions within the scope of his duties that constitute the state law torts of conspiracy, abuse of process, malicious prosecution, false imprisonment, and loss of consortium. So Mr. Summerford enjoys state sovereign immunity to those claims. Thus, the court will grant Mr. Summerford's motion to dismiss Counts Seven, Eight, and Nine against him; the § 1983 claims against him will remain pending.

### B. Marcie Foster's Motion to Dismiss (Doc. 43)

#### 1. Conspiracy to Maliciously Prosecute

First, Ms. Foster moves to dismiss Count Seven for conspiracy to maliciously prosecute brought against her. To state a civil conspiracy claim under Alabama law, a plaintiff must allege "a combination between two or more persons to accomplish by concert an unlawful purpose or to accomplish by unlawful means a purpose not itself unlawful." *Webb v. Renfrow*, 453 So. 2d 724, 727 (Ala. 1984) (citing *Barber v. Stephenson*, 69 So. 2d 251 (Ala. 1954)). Fundamentally, "liability for civil conspiracy rests upon the existence of an underlying wrong and if the underlying wrong provides no cause of action, then neither does the conspiracy." *Jones v. BP Oil Co.*, 632 So. 2d 435, 439 (Ala. 1993) (citing *Allied Supply Co. v. Brown*, 585 So. 2d 33 (Ala. 1991), and *Webb v. Renfrow*, 453 So. 2d 724 (Ala. 1984)).

Here, for their conspiracy claim, Plaintiffs allege the underlying wrong of malicious prosecution. To state a claim for malicious prosecution, the plaintiff must allege "(1) a judicial proceeding initiated by the defendant[;] (2) the lack of probable cause; (3) malice on the part of the defendant; (4) termination of the judicial proceeding favorably to plaintiff; and (5) damages." *Allen v. Molton, Allen & Williams Realty Co.*, 495 So. 2d 27, 30 (Ala. 1986).

Plaintiffs have sufficiently alleged the underlying malicious prosecution and

the conspiracy to commit it. Tracking the elements of a malicious prosecution, Plaintiffs have alleged that (1) Defendants directed Mr. Hamilton to falsely accuse Mr. Vasser of criminal coercion to initiate judicial proceedings against him; (2) Defendants lacked probable cause to charge him with criminal coercion because they relied only on Mr. Hamilton's false statement that they procured; (3) Defendants acted with malice by directing Mr. Hamilton to make his false statement; (4) the Cherokee County District Court eventually dismissed the case against Mr. Vasser; and (5) Mr. Vasser suffered consequential damages by posting cash bond, retaining an attorney, spending time in jail, and emotional distress. And Plaintiffs have alleged that Ms. Foster was among the Defendants present at the Leesburg Police Department who directed Mr. Hamilton to falsely accuse Mr. Vasser of criminal coercion.

So Plaintiffs have sufficiently alleged a combination between two or more persons, including Ms. Foster, to achieve in concert a malicious prosecution. Thus, the court will deny Ms. Foster's motion to dismiss the conspiracy claim.

2. <u>Abuse of Process</u>

Next, Ms. Foster moves to dismiss the abuse of process component of Count Eight against her—she has not moved to dismiss the false imprisonment component of Count Eight. To state an abuse of process claim under Alabama law, the plaintiff must allege (1) "the existence of an ulterior purpose"; (2) "a

7

wrongful use of process"; and (3) malice. *C.C. & J., Inc. v. Hagood*, 711 So. 2d 947, 950 (Ala. 1998) (citing *Triple J Cattle, Inc. v. Chambers*, 621 So. 2d 1221, 1225 (Ala. 1993)). The "wrongful use of process" element requires a plaintiff to allege that the defendant wrongfully used process *after* initiating a proceeding. *Constable v. Lambert*, No. 2:14-CV-409-KOB, 2016 WL 11267160, at *1 (N.D. Ala. Mar. 14, 2016) (quoting *Shoney's, Inc. v. Barnett*, 773 So. 2d 1015, 1025 (Ala. Civ. App. 1999) ("[Plaintiff] was required to prove that [Defendant] did something other tha[n] 'carry out the process to its authorized conclusion.'")).

Here, Plaintiffs have failed to allege the second element of their abuse of process claim because they have not alleged that any Defendant wrongfully used process after initiating the allegedly malicious prosecution. Plaintiffs have not alleged an abuse of process claim separate from their malicious prosecution claim because "prosecuting someone for a crime without probable cause is malicious prosecution, not abuse of process." *Shoney's*, 773 So. 2d at 1025. So the court will grant Ms. Foster's motion to dismiss Plaintiffs' abuse of process claim.

### 3. "Counts Seven through Nine: Co-Defendant's Motion to Dismiss"

In her motion to dismiss, Ms. Foster moves generally to dismiss "Counts Seven through Nine" and states, "if the Court determines that Co-Defendant's Motions to Dismiss have merit, the[n] Defendant Foster must also be dismissed as there can be no liability in the absence of co-conspirators and/or an underlying

8

wrongdoing." (Doc. 43 at 4). She also states that if the court grants Mr. Hamilton's motion to dismiss, then the court must necessarily grant her motion to dismiss. (*Id.*).

But Ms. Foster's arguments fail because no motion to dismiss from Mr. Hamilton is pending in this case. So, regardless of the outcome of the present motions to dismiss, at the very least, Mr. Hamilton would remain as an alleged co-conspirator. And, as explained below, the court will deny Ms. Nichols's motion to dismiss the conspiracy claim, so she will remain as an alleged co-conspirator. Thus, the court will deny Ms. Foster's motion to dismiss counts seven through nine on the grounds that she raised.

### C. <u>Jeannie Nichols's Motion to Dismiss (Doc. 41)</u>

First, Ms. Nichols moves to dismiss the conspiracy claim against her based on the same arguments that Ms. Foster raised and the court rejected. So, for the reasons stated above when analyzing Ms. Foster's motion to dismiss the conspiracy claim, the court will deny Ms. Nichols's motion to dismiss the conspiracy claim.

Next, just as Ms. Foster did, Ms. Nichols argues that the court must necessarily grant her motion to dismiss if the court grants the other Defendants' motions to dismiss. Ms. Nichols is correct only as to the abuse of process claim. Plaintiffs make the same factual allegations against Ms. Nichols to support their

9

abuse of process claim as they allege against Ms. Foster.  For the same reasons explained above to grant Ms. Foster's motion to dismiss the abuse of process claim, the court will also grant Ms. Nichols's motion to dismiss that claim.

But, as explained above, the court will dismiss the state law claims against Mr. Summerford on grounds of state sovereign immunity; Ms. Nichols, who is not a state actor, does not enjoy state sovereign immunity.  And Ms. Nichols asserts that the court must grant her motion to dismiss if it grants Mr. Hamilton's motion to dismiss, but, again, Mr. Hamilton does not have a motion to dismiss pending before the court.

Finally, Ms. Nichols moves to dismiss Plaintiffs' Count Nine for loss of consortium because "Plaintiff[s] [have] based this entire count upon the veracity of [their] claims in counts [seven and eight].  If Counts [seven and eight] are dismissed then Jeannie Nichols cannot be adjudged to have conspired in such a way as to cause any such loss of consortium." (Doc. 41 at 5).  But, as explained above, the court will not dismiss Count Seven—conspiracy for malicious prosecution—and will only dismiss the abuse of process component of Count Eight—the false imprisonment and malicious prosecution components of that count will remain.  So the court will deny Ms. Nichols's motion to dismiss the claim for loss of consortium.

## IV. CONCLUSION

For the reasons stated above, by separate order, the court will **GRANT** Mr. Summerford's motion to dismiss and **DENY IN PART** and **GRANT IN PART** Ms. Foster's and Ms. Nichols's motions to dismiss.

Specifically, the court will **DISMISS WITH PREJUDICE** Counts Seven, Eight, and Nine against Mr. Summerford. The § 1983 claims against Mr. Summerford will remain.

The court will **DISMISS WITHOUT PREJUDICE** the abuse of process claim that forms part of Count Eight against all defendants. The false imprisonment and malicious prosecution components of Count Eight will remain.

**DONE** and **ORDERED** this 14th day of November, 2019.

_/s/ Karon O. Bowdre_
**KARON OWEN BOWDRE**
CHIEF UNITED STATES DISTRICT JUDGE